IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| COLE JAMAL DANIELS, | : | |
| Movant, | : | CRIMINAL ACTION NO. |
| | : | 1:15-CR-0437-LMM |
| v. | : | |
| | : | CIVIL ACTION NO. |
| UNITED STATES OF AMERICA, | : | 1:22-CV-1477-LMM |
| Respondent. | : | |

**ORDER**

This matter is before the Court for consideration of the Final Report and Recommendation, [Doc. 55], in which the Magistrate Judge recommends that Movant Cole Jamal Daniels' two 28 U.S.C. § 2255 motions to vacate his sentence or conviction, [Docs. 39, 40],[1] be denied.  Movant has filed his objections, [Doc. 61], to the R&R.

**I. Legal Standard and Background**

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations.  United States v. Raddatz, 447 U.S. 667, 680 (1980).  Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo*

---

[1] The two § 2255 motions raise the same claims.  The Magistrate Judge treated them as a single motion without objection.  This Court will do the same.  Also, Movant filed an earlier § 2255 motion, [Doc. 14], which this Court denied without prejudice, [Doc. 25], so that he could file a later § 2255 motion without running afoul of the rule prohibiting successive § 2255 motions.

AO 72A
(Rev.8/82)

basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988).

On November 30, 2015, Movant pled guilty pursuant to a negotiated plea agreement to one count of use of a facility in interstate commerce with intent to engage in unlawful activity (prostitution) and thereafter committed a crime of violence to further said unlawful activity, in violation of 18 U.S.C. § 1952(a)(3)(B). [Doc. 3]. The plea agreement executed by Movant included an appeal waiver provision which included a waiver of the right to seek collateral relief pursuant to § 2255. [Doc. 3-1 at 8]. As discussed by the Magistrate Judge in detail, [Doc. 55 at 2-5], the Court carefully ensured that Movant fully understood the terms of the plea agreement and the fact that he was waiving his right to appeal and/or collaterally attack his conviction and sentence. At the plea hearing, the Government described the conduct for which Movant was charged. [Doc. 10 at 39-40]. Briefly, DG was a minor female living in New Jersey. After communicating with her on social media, Movant sent DG a bus ticket and enticed her to come to Georgia. After she arrived, Movant trafficked her as a prostitute. At least once, Movant choked and struck DG after she announced her

intention to leave and stop engaging in prostitution. On March 22, 2016, the Court sentenced petitioner to 220 months of imprisonment. [Doc. 7].

Under § 1952(a)(3) it is a crime to travel in interstate commerce with the intent to commit, *inter alia*, a prostitution offense, and, under § 1952(a)(3)(B), if the defendant commits a crime of violence to further the unlawful activity after traveling in interstate commerce, the maximum sentence increases from five years to twenty years. In his § 2255 motion, Movant contends that his conviction is unconstitutional and his guilty plea not knowingly entered based on the recent line of Supreme Court cases that have invalidated aspects of criminal statutes that impose criminal liability or increase sentences based on crimes of violence committed by the criminal defendant. See, e.g., Borden v. United States, 141 S. Ct. 1817 (2021); United States v. Davis, 139 S. Ct. 2319 (2019). Specifically in Borden, the Court held that criminal offense that requires a mens rea of only recklessness cannot count as a "violent felony" under the elements clause of the Armed Career Criminal Act (ACCA). Borden, 141 S. Ct. at 1825. Movant indicates that the crime of violence that he committed when he choked and struck DG was an aggravated assault under O.C.G.A. § 16-5-21(a)(2). In United States v. Moss, 920 F.3d 752, 759 (11th Cir. 2019), the Eleventh Circuit held that, "[b]ecause Georgia's aggravated assault statute, O.C.G.A. § 16-5-21(a)(2), can be satisfied by a mens rea of recklessness when based on simple assault under §

3

AO 72A
(Rev.8/82)

16-5-20(a)(2), it cannot qualify as a crime of violence under the elements clause of the ACCA." The definition of "crime of violence" under § 1952(a)(3)(B) is found at 18 U.S.C. § 16 and is materially identical to the definition in the ACCA. It would thus seem that an aggravated assault under Georgia law cannot be considered a crime of violence under § 1952(a)(3)(B).

Nonetheless, the Magistrate Judge determined that Movant is not entitled to relief because (1) given the extensive plea colloquy, Movant cannot rationally claim that he was not informed of, or did not understand, the nature of the charges against him, rendering his plea valid, and (2) Movant's claims are barred by his valid appeal waiver.

## II. Discussion

In his objections, Movant first argues at length that his claim raises a jurisdictional defect which is not subject to waiver. He points to United States v. Peter, 310 F.3d 709, 712 (11th Cir. 2002), and United States v. St. Hubert, 909 F.3d 335, 344 (11th Cir. 2018), in which the Eleventh Circuit held that jurisdictional challenges to a conviction are not subject to waiver. Neither case, however, applies here. In Peter the Eleventh Circuit specified that its holding applied to cases in which an indictment alleges only a non-offense. Peter, 310 F.3d at 714, 715. In other words, in Peter, the indictment consisted only of specific conduct that, as a matter of law, was outside the

AO 72A
(Rev.8/82)

sweep of the charging statute.  Id. at 711, 714.  The Eleventh Circuit made clear in Peter that the failure to allege a crime in violation of the laws of the United States is a jurisdictional defect.  See United States v. Izurieta, 710 F.3d 1176, 1179 (11th Cir. 2013) (distinguishing jurisdictional and technical defects in indictments).  The same cannot be said about the information in this case, which stated that Movant used a facility in interstate commerce to engage in unlawful activity and "thereafter did commit a crime of violence to further said unlawful activity."  [Doc. 1 at 1].  This language tracks the language of § 1952, no court has ruled that § 1952 is unconstitutional, and the purported flaw that Movant raises relates to the definition of a violent crime in a different statute.  Plaintiff has thus failed to show that the information alleges a non-offense, and Peter is unavailing.

Movant's reliance on St. Hubert likewise fails.  As in Peter, the error asserted in St. Hubert was that "'the indictment consisted only of specific conduct'—carrying, using, and brandishing a firearm during a Hobbs Act robbery and an attempted Hobbs Act robbery—that . . . was 'as a matter of law, . . . outside the sweep of the charging statute.'"  St. Hubert, 909 F.3d at 343 (quoting Peter, 310 F.3d at 714).  In St. Hubert, the petitioner challenged his convictions under Counts 8 and 12 of the indictment, which charged him with carrying a firearm during the Hobbs Act robbery charged in Count 7 and using and carrying a firearm during the attempted Hobbs Act robbery

5

charged in Count 11, respectively.  Id. at 338-39.  Because the petitioner there claimed that Hobbs Act robbery and attempted Hobbs Act robbery, which were the sole predicates on which his convictions were based, were not crimes of violence under 18 U.S.C. § 924(c)(3)(A), the court properly found that his challenge was jurisdictional.  Id. at 344.  Here, as noted above, the information does not charge Movant with crimes that are outside the reach of the statute.  Indeed, the facts in this case are much more akin to the facts of King v. United States, 41 F.4th 1363, 1370 (11th Cir. 2022), where the Eleventh Circuit held that a § 2255 movant's claim under United States v. Davis, 139 S. Ct. 2319 (2019), is no exception to the rule that "a defendant that waives the right to collaterally attack his sentence is bound by that decision." King, 41 F.4th at 1370.  King admitted in his plea hearing that he used a gun to rob a bank.  Id. at 1367-68.  The bank robbery was a violation of the Hobbs Act, and the Eleventh Circuit had recently held that, under Davis, a Hobbs Act robbery does not qualify as a crime of violence to support a 18 U.S.C. § 924(c) conviction.  Id. at 1366 (citing Brown v. United States, 942 F.3d 1069, 1075-76 (11th Cir. 2019)).  Nonetheless, the Eleventh Circuit determined that King's collateral attack waiver applied despite his argument that, because he had not committed a crime of violence, he had not violated § 924(c).  Id. at 1368.

AO 72A
(Rev.8/82)

In any event, this Court concludes that Movant does not have a claim under Borden or any of the other cases discussing convictions for committing crimes of violence. This Court has never determined that Movant violated O.C.G.A. § 16-5-21(a)(2).[2] Rather, at the plea hearing, Movant admitted to committing a crime of violence by striking and choking DG when she stated that she wanted to stop being a prostitute. [Doc. 10 at 40]. Striking and choking a minor child is a violent crime, this Court found it to be a violent crime, and Movant has not argued that the finding was in error.

Movant next objects to the Magistrate Judge's determination that his guilty plea was knowingly entered. The basis of his argument is that he was never informed

> that the crime of violence was O.C.G.A. § § 16-5-21(a)(2) or (a)(1) or whatever other variation of the Georgia Aggravated Assault statute the government is relying on today. Moreover, [Movant] never confirmed his understanding that the crime of violence for purposes of § 1952(a)(3)(B) was Georgia['s] Aggravated Assault [statute] under any variety.

[Doc. 61 at 15].

As just discussed, this Court has never concluded that, when Movant struck and choked DG, his actions constituted a violation of a particular statute, and, as found by

---

[2] Apparently, Movant determined that § 16-5-21(a)(2) was the predicate offense when the Government, in response to Movant's first § 2255 motion, contended that Movant had committed an aggravated assault under Georgia law. [Doc. 17 at 10]. However, in denying the § 2255 motion, the Court did not adopt that view.

7

the Magistrate Judge, Movant has not identified legal authority that requires the Court, in accepting a guilty plea for a § 1952(a)(3)(B) violation, to identify a specific criminal statute that constitutes the crime of violence committed by the defendant.

Even if such a requirement exists, Movant's claim fails. To be knowing and voluntary, a guilty plea must satisfy the three core concerns of Rule 11 that the plea must be free from coercion, the defendant must understand the nature of the charges, and the defendant must know and understand the consequences of his guilty plea. United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999). However, "[c]ollateral relief under section 2255 is not available to a defendant who can show only a court's failure to comply with the formal requirements of Rule 11." Holmes v. United States, 876 F.2d 1545, 1549 (11th Cir. 1989) (citing United States v. Timmreck, 441 U.S. 780 (1979)). "In the absence of a fundamental defect which inherently results in the miscarriage of justice, or an omission inconsistent with the demands of fair procedure, relief cannot be given in a collateral attack on a guilty plea conviction based on failure of Rule 11 compliance when the plea was taken." Keel v. United States, 585 F.2d 110, 113 (5th Cir. 1978).

From a review of the plea colloquy, [Doc. 10], it is clear that Movant understood the nature of the charges against him and the rights he was waiving, that he was pleading guilty to a § 1952 violation that included an act of violence, and that, as a

8

result, he was subject to a maximum twenty-year sentence. Movant has not shown (or even argued) a miscarriage of justice or that he was prejudiced by the Court's failure to identify a specific statute that constituted the crime of violence he committed. See Holmes v. United States, 876 F.2d 1545, 1549-50 (11th Cir. 1989). As a result, this Court concludes that he has not shown that he is entitled to § 2255 relief with respect to his claim that his guilty plea was not knowingly entered.

### III. Conclusion

Having reviewed the R&R in light of Movant's objections, this Court concludes that the Magistrate Judge is correct that Movant is not entitled to 28 U.S.C. § 2255 relief. Accordingly, the R&R, [Doc. 55], is **ADOPTED** as the order of this Court, Movant's motions to vacate, [Docs. 39, 40], are **DENIED**, and the Clerk is **DIRECTED** to close Civil Action Number 1:22-CV-1477-LMM.

The Court further agrees with the Magistrate Judge that Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this   21st   day of   September  , 2022.

_____
LEIGH MARTIN MAY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)